**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **ELISHA RIGGLEMAN,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:19-00155** |
| | ) | **(Criminal No. 5:11-00124)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant's "Motion to Reopen Case Under the Intervening Change in the Law Doctrine Rule 60(b)(6) of Civil Procedures" (Document No. 503), which has been construed as a new Section 2255 Motion. (Document No. 511.) By Standing Order, this matter was referred to the undersigned for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 513.)

**FACTUAL AND PROCEDURAL BACKGROUND**

**A      Criminal Action No. 5:11-00124:**

By Indictment filed on May 24, 2011, Movant was charged with one count of threatening to kidnap and assault a Federal Bureau of Prisons law enforcement officer in violation of 18 U.S.C. § 115(a)(1)(B) (Count One); and one count of threatening to murder and assault the wife and child of the officer in violation of 18 U.S.C. § 115(a)(1)(A) (Count Two). (Criminal Action No. 5:11-00124, Document No. 1.) By a six-count Superseding Indictment filed on December 20, 2011, Movant was charged with violating 18 U.S.C. § 115(a)(1)(A) and (B) as charged in Counts One and Two of the initial Indictment and further charging Defendant with disseminating and

threatening to disseminate information that a witness was cooperating with the government in violation of 18 U.S.C. 1512(b)(1) (Count Three) and attempting to influence three witnesses to testify falsely in violation of 18 U.S.C. § 1512(b)(1) (Counts Four through Six). (Id., Document No. 102.) Movant's arraignment on the Superseding Indictment was conducted on February 7, 2012. (Id., Document Nos. 112 – 114.) A seven-count Second Superseding Indictment was filed on March 20, 2012, charging Movant as charged in Counts One and Two of the initial and Superseding Indictments, changing the statutory provision violated in Count Three to 18 U.S.C. § 1512(a)(2)(A) and charging four counts of conduct in violation of 18 U.S.C. 1512(b)(1). (Id., Document No. 122.) Movant's arraignment on the Second Superseding Indictment was conducted on April 3, 2012. (Id., Document Nos. 126 and 127.) On January 25, 2013, Movant pled guilty to one count of Threatening to Kidnap and Assault a Federal Officer in violation of 18 U.S.C. § 115(a)(1)(B) (Count One). (Id., Document Nos. 320 – 322.) A Presentence Investigation Report was prepared. (Id., Document No. 382.) The District Court determined Movant had an Base Offense Level of 12, and a Total Offense Level of 24, the Court having applied the following: A six-level enhancement pursuant to U.S.S.G. § 3A1.2(b); A two-level enhancement pursuant to U.S.S.G. § 3C1.1 for obstruction of justice; and An enhancement to an adjusted offense level of 24 pursuant to U.S.S.G. § 4B1.1 because Movant met the criteria for career offender status. (Id., pp. 27 - 28.) The District Court sentenced Movant on May 23, 2013, to serve a 120-month term of incarceration to be followed by a three-year term of supervised release.[1] (Id., Document Nos. 380.) The District Court further imposed a $100 special assessment. (Id.)

---

[1] The District Court determined that Movant was subject to the advisory guideline range of 100 to 120 months. (Criminal Action No. 5:11-00124, Document No. 381.) The District Court sentenced Movant at the top of the Guideline Range. (Id.)

On May 31, 2013, Movant filed a Notice of Appeal. (Id., Document No. 383.) In his appeal, Movant argued as follows: (1) The District Court erred in denying Movant credit for acceptance of responsibility under the Sentencing Guidelines; (2) The Magistrate Judge erred in denying Movant's motions seeking the disqualification of the Special Assistant United States Attorney; and (3) The District Judge was not neutral or impartial. (Id., Document No. 414.); United States v. Riggleman, 544 Fed.Appx. 175 (4th Cir. 2013). On October 24, 2013, the Fourth Circuit Court of Appeals affirmed in part and dismiss in part Movant's appeal. Id. Specifically, the Fourth Circuit (1) dismissed Movant's challenge to his sentence after determining that Movant's appeal waiver was knowingly and intelligently; (2) dismissed Movant's challenge to the Magistrate Judge's decision after determining that Movant waived appellate review of this issue by failing to appeal the Magistrate Judge's decision to the District Court; and (3) affirmed the District Court's decision to the extent Movant argued that the District Court was not neutral or impartial. Id. The United States Supreme Court denied Movant's petition for writ of certiorari on March 10, 2014. Riggleman v. United States, ___ U.S. ___, 134 S.Ct. 1525, 188 L.Ed.2d 458 (2014).

**B.     First Section 2255 Motion:**

On January 21, 2014, Movant, acting *pro se*, filed his first "Writ of Habeas Corpus 28 § 2255" and "Amended Petition to 28 § 2255 Habeas Corpus."[2] (Civil No. 5:14-03232, Document No. 422 and 423.) As grounds for *habeas* relief, Movant argued in his initial Section 2255 Motion as follows: (1) Involuntary plea; (2) Ineffective assistance of counsel; (3) Violation of his

---

[2] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972.)

right to due process; (4) Violation of his Sixth Amendment right to confront witnesses against him; (5) Actual innocence; and (5) Improperly determined to be a career offender under the United States Sentencing Guidelines. (Id.)

On January 31, 2014, Movant filed his "Writ for Habeas Corpus 28 U.S.C. § 2255" asserting nearly identical claims as asserted in his "Amended Petition to 28 § 2255 Habeas Corpus" (Document No. 422). (Id., Document No. 426.) On March 7, 2014, Movant filed his second Amended Section 2255 Motion. (Id., Document No. 437.) In his Amended Section 2255 Motion, Movant appeared to argue that Attorney Kim Mann, S. Mason Preston, and Greg Campbell were ineffective in failing to pursue or adopt his *pro se* motions. (Id., pp. 1 – 4.) Next, Movant complained that Mr. Campbell was ineffective when he did "nothing but agree with the court when the judge denied this petitioner the acceptance of responsibility." (Id., pp. 2 and 13.) Movant then continued to assert similar arguments as those set forth in his prior Section 2255 Motions. (Id., pp. 5 – 14.)

On October 23, 2015, Movant filed his third Amended Section 2255 Motion and Exhibits in Support. (Id., Document No. 455.) First, Movant argued that he was improperly classified as a career offender based upon the recent Johnson decision. (Id., pp. 1 – 5.) Movant continued to assert similar argues as those set forth in his prior Section 2255 Motions. (Id.) By Order entered on June 14, 2016, the Court appointed the Federal Public Defender to represent Movant to determine whether Movant may qualify for relief under Section 2255 in light of Johnson "and to present any petitions, motions, or applications relating thereto to the Court for disposition."[3] (Id., Document No. 461.) By Order entered on August 12, 2016, the undersigned directed appointed

---

[3] The Order further stated that "[c]ounsel's representation pursuant to this appointment is limited to *Johnson* relief unless the presiding District Judge directs otherwise. (Civil Action No. 5:14-03232, Document No. 461.)

4

counsel to file any supplemental brief in support of Movant's Section 2255 Motion by September 2, 2016, and directed the United States to file its Answer by September 30, 2016. (Id., Document No. 469.)

On September 12, 2016, following the granting of an extension of time, Movant, by court-appointed counsel, Federal Public Defender Christian M. Capece and Assistant Federal Public Defender Rachel E. Zimarowski, filed his "Supplemental Memorandum in Support of Motion to Correct Sentence Under 28 U.S.C. § 2255." (Id., Document No. 472.) In support of his Motion, Movant alleged that he was entitled to relief based upon the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (Id.) Movant argued that under Johnson, Movant "is no longer a career offender because his conviction for threatening a federal official and his three prior convictions for mailing threatening communications and burglary no longer qualify as crimes of violence under any portion of the career definition." (Id.) In support, Movant explained that in Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague. (Id.) Movant, therefore, argued that "[i]t follows that the identical residual clause in the career offender provision, U.S.S.G. § 4B1.2(a)(2), is also void for vagueness." (Id.) Thus, Movant concluded that his convictions do not trigger the application of the Section 4B1.1 career offender enhancement. (Id.) Movant, therefore, argued that "in light of Johnson, [he] no longer qualifies as a career offender, and his current sentence violates due process of law in violation of 28 U.S.C. § 2255(a)." (Id.)

On November 7, 2016, the United States filed its Response to Movant's Section 2255 Motions. (Id., Document No. 476.) First, the United States argued that Movant "has the burden of

5

proving that he is entitled to resentencing based on the <u>Johnson</u> claims in his § 2255 Motion." (<u>Id.</u>, pp. 12 – 14.) The United States next argued that as to Movant's <u>Johnson</u> and career offender claims, such should be dismissed based upon the following: (1) Movant's plea agreement knowingly and voluntarily waived collateral attack of his sentence. (<u>Id.</u>, pp. 15 – 19.); (2) Movant's <u>Johnson</u>-related claims were not timely filed and his § 2255 cannot be amended (<u>Id.</u>, pp. 19 – 30); (3) Movant's "new claims are a successive motion" (<u>Id.</u>, pp. 30 -  31.); and (4) Movant "procedurally defaulted his claims and has not demonstrated good cause to excuse his default" (<u>Id.</u>, pp. 31 – 33.). Fourth, the United States argued that <u>Johnson</u> does not apply on collateral review to Guideline issues. (<u>Id.</u>, pp. 33 – 39.) Fifth, the United States argued that Movant crimes are "crimes of violence." (<u>Id.</u>, pp. 39 – 65.) Finally, as to Movant's remaining claims that are unrelated to <u>Johnson</u>, the United States argued as follows: (1) Movant "has waived his right to collaterally attack his conviction and sentence" (<u>Id.</u>, pp. 67 – 70.); (2) Movant's "voluntary waiver and plea waives all claims relating to non-jurisdiction error" (<u>Id.</u>, pp. 70 – 71.); (3) Movant's "claims raised on appeal have already been adjudicated, and failure to bring his remaining claims on direct appeal waives those claims" (<u>Id.</u>, pp. 72 – 74.); (4) Movant "did not received ineffective assistance of counsel" (<u>Id.</u>, pp. 74 – 82.); and (5) Movant "cannot now raise claims of any alleged constitutional errors regarding any alleged violation of defendant's due process rights" (<u>Id.</u>, pp. 82 – 83.).

As Exhibits, the United States attaches the following: (1) A copy of the transcripts from Movant's Sentencing Hearing conducted on May 23, 2013, in the underlying criminal action (<u>Id.</u>, Document No. 476-1.); (2) A copy of Movant's "Opening Brief of Appellant" as filed by Mr. Campbell in the Fourth Circuit Court of Appeals (<u>Id.</u>, Document No. 476-2.); (3) A copy of a

letter from the United States Supreme Court stating that Movant's petition for writ of certiorari had been denied as to the underlying criminal action (Id., Document No. 476-3.); (4) A copy of the transcripts from Movant's Plea Hearing conducted on January 25, 2013 in the underlying criminal action (Id., Document No. 476-4.); (5) A copy of Movant's Indictment as filed in the Southern District of West Virginia in Case No. 2:04-cr-0048 (Id., Document No. 476-5.); (6) A copy of Movant's signed "Written Plea of Guilty" as filed in the Southern District of West Virginia in Case No. 2:04-cr-00048 (Id., Document No. 476-6.); (7) A copy of Movant's Plea Agreement as entered in the Southern District of West Virginia in Case No. 2:04-cr-00048 (Id., Document No. 476-7.); (8) A copy of the transcripts from Movant's Plea Hearing as conducted in the Southern District of West Virginia on June 24, 2004 in Case No. 2:04-cr-00048 (Id., Document No. 476-8.); (9) A copy of Movant's Indictment as filed in the Northern District of West Virginia in Case No. 2:06-cr-23 (Id., Document No. 476-8); and (10) A copy of a letter from the United States' Attorney Office regarding Movant' plea of guilty in the Northern District of West Virginia in Case No. 2:06-cr-23 (Id., Document No. 476-10.).

On February 22, 2017, Movant filed his *pro se* "Amended to Counterclaim of Petitioner's claim of the Gov't Counterclaim of Petitioner Habeas Corpus." (Id., Document No. 486.) Movant concluded that result of the proceeding would have been different if Mr. Campbell "would have adopted all of the *pro se* motions filed by this petitioner as requested and if counsel Greg Campbell would have researched the letter that was sent to Judge Berger, filed 1/28/13, Document No. 329." Next, Movant continued to contend that his underlying offense was not eligible for the career offender enhancement and he was improperly denied a sentencing reduction for acceptance of responsibility. (Id.)

On the same day, Movant filed his *pro se* "Counter Response to the U.S. Gov't Response." (Id., Document No. 487.) First, Movant argues the United States failed to explain why a SAUSA was necessary for his prosecution. (Id.) Movant continued to argue that he was denied due process because he was never allowed to challenge the assignment of an SAUSA to his case. (Id.) Next, Movant contended that he was innocent of the underlying offense because the letters he mailed were only a hoax. (Id.) Third, Movant argued that the Court erred in denying him a sentencing reduction for acceptance of responsibility where Movant pled guilty. (Id.) Fourth, Movant contended that the Court erred in sentencing Movant as a career offender under the U.S.S.G. (Id.) Fifth, Movant argued that his waiver of appeal "did not waive the right to a habeas 2255 when the Judge is impartial, and his attorney did not inform me or advise me correctly." (Id.) Movant further argued that he pled guilty to the "crime, not the enhancement." (Id.) Sixth, Movant stated that he is "fighting this case saying that the plea bargain was legal, but the added enhancement should not have even came into play." (Id.) Seventh, Movant continued to argue that District Judge Berger was "very impartial." (Id.) Finally, Movant continued to argue that Mr. Campbell was ineffective in failing to adopt his *pro se* motions. (Id.)

Movant, by counsel, filed his Reply concerning his Johnson claim on February 22, 2017. (Id., Document No. 488.) On April 5, 2018, Movant filed his *pro se* Motion for Voluntary Dismissal. (Id., Document No. 496.) In support, Movant stated that his "motion is mainly due to the fact that there is a Black Judge presiding over this case and I'm a very racist white man." (Id.) Movant further appears to acknowledge that he is not entitled to relief under Johnson. (Id.) Finally, Movant continued to argue that he was subjected to ineffective assistance of counsel. (Id.) Movant, however, stated that he is "sure" his ineffective assistance of counsel claim will fail

due to bias by the District Judge. (<u>Id.</u>)

By Proposed Findings and Recommendations entered on April 6, 2018, the undersigned recommended that the District Court deny Movant's Motions for Default Judgment (Document Nos. 442 and 443), deny Movant's Motion for Voluntary Dismissal (Document No. 496), and deny Movant's Section 2255 Motion and Amended Section 2255 Motions (Document Nos. 422, 423, 426, 437, 455, 486). (<u>Id.</u>, Document No. 497.) By Memorandum Opinion and Judgment Order entered on May 1, 2018, United States District Judge Irene C. Berger adopted the undersigned's recommendation. (<u>Id.</u>, Document Nos. 499 and 500.)

**C.    Request for Authorization to File a Successive Section 2255 Motion:**

On June 7, 2018, Movant filed with the Fourth Circuit a "Motion for Authorization to File a Successive Motion Under 28 U.S.C. § 2255" pursuant to 28 U.S.C. § 2244 based upon <u>Sessions v. Dimaya</u>, ___ U.S. ___, 138 S.Ct. 1204, 1223, 200 L.Ed.2d 549 (2018). <u>In re: Elisha Riggleman</u>, Case No. 18-247 (4th Cir.), Document No. 2. By Order entered on June 25, 2018, the Fourth Circuit denied Movant's Motion seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2255. <u>Id.</u>, Document No. 9. On July 30, 3018, Movant filed a Motion to Reconsider requesting that the Fourth Circuit reconsider its denial of authorization to file a successive petition. <u>Id.</u>, Document No. 12. On July 31, 2018, the Fourth Circuit denied Movant's Motion to Reconsider. <u>Id.</u>, Document No. 13.

**D.    Motion to Reopen Pursuant to Rule 60(b)(6):**

On August 13, 2018, Movant filed his instant Movant's "Motion to Reopen Case Under the Intervening Change in the Law Doctrine Rule 60(b)(6) of Civil Procedures" based upon <u>Sessions v. Dimaya</u>. (Criminal Action No. 5:11-00124, Document No. 503.) On March 4, 2019,

Movant filed his "Motion to Compel the Motion to Reopen the Above Case Pursuant to Rule 60(b)(6) of Civil Procedure." (Id., Document No. 509.) Specifically, Movant requests that this Court reopen the above case based upon the Dimaya decision. (Id.) By Order entered on March 7, 2019, the undersigned has construed Movant's Rule 60(b)6) Motion as a new Section 2255 Motion and his Motion to Compel as a Supplement to his Section 2255 Motion. (Id., Document No. 510, 511, 512.) Accordingly, the undersigned will now consider Movant's Section 2255 Motion alleging that he is entitled to *habeas* relief based upon Dimaya.

## ANALYSIS

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct.

2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

The undersigned finds Movant's Section 2255 Motion to be a successive proceeding under Section 2255. Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Movant must demonstrate that the Motion contains:

(1) newly discovered evidence that, if proven and viewed in light of the evidence

as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review

by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Movant appears to contend that his Motion falls under the category of a new rule of constitutional law based upon the Supreme Court's <u>Dimaya</u> decision. Nevertheless, this Court need not reach the issue of whether Movant's Motion actually presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." <u>In re Goddard</u>, 170 F.3d 435, 436 (4th Cir. 1999); <u>See</u> 28 U.S.C. § 2244(b)(3)(A). Movant has failed to allege or demonstrate that he has obtained the necessary authorization from the Fourth Circuit Court of Appeals for his successive motion. The Fourth Circuit has specifically denied Movant's request for authorization to file a successive Section 2255 Motion based on <u>Dimaya</u>. <u>In re: Elisha Riggleman</u>, Case No. 18-247 (4th Cir.), Document No. 9. A second or successive proceeding under Section 2255 may not be initiated without the certification/authorization of the appropriate Court of Appeals. Movant's Motion should be dismissed because Movant has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.

Notwithstanding the foregoing, the undersigned will briefly consider Movant's <u>Dimaya</u> claim. In <u>Sessions v. Dimaya</u>, the United States Supreme Court recently held that the residual clause contained in 18 U.S.C. § 16(b) of The Immigration and Nationality Act ["INA"] was unconstitutionally vague. <u>Sessions v. Dimaya</u>, ___ U.S. ___, 138 S.Ct. 1204, 1223, 200 L.Ed.2d

549 (2018). The Supreme Court reasoned that the logic of its decision in <u>Johnson v. United States</u>, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), where the ACCA's "residual clause" was determined to be unconstitutionally vague, required the same result when considering the "residual clause" of 18 U.S.C. § 16(b). <u>Id.</u> at 1216. Since the residual clauses of Section 16(b) and Section 924(c)(3)(B) are nearly identical, the Fourth Circuit has generally "treated precedent respecting one as controlling analysis for the other." <u>In re Hubbard</u>, 825 F.3d 225, 231 n. 3 (4th Cir. 2016). Based upon the <u>Dimaya</u> decision, the Fourth, Fifth, Tenth, and D.C. Circuit Courts have determined that the "residual clause" of Section 924(c)(3)(B) is also unconstitutionally vague. <u>See</u> <u>United States v. Simms</u>, 914 F.3d 229, 233 (4th Cir. Jan. 24, 2019);[4] <u>United States v. Salas</u>, 889 F.3d 681 (10th Cir. 2018); <u>United States v. Davis</u>, 903 F.3d 483 (5th Cir. 2018), <u>cert. granted</u>, 2019 WL 98544(Jan. 4, 2019); and <u>United States v. Eshetu</u>, 898 F.3d 36 (D.C. Cir. 2018); <u>but also see</u> <u>United States v. Douglas</u>, 907 F.3d 1 (1st Cir. 2018)(finding <i>Dimaya</i> does not require similar result for the residual clause of Section 924(c)); <u>In re Garrett</u>, 908 F.3d 686 (11th Cir. 2018)(same); <u>United States v. Barrett</u>, 903 F.3d 166 (2nd Cir. 2018)(same). In the instant case, however, Movant fails to establish how <u>Dimaya</u> applies to his circumstances. Based upon a review of Movant's underlying criminal case, there is no indication that Movant was sentenced under the "residual clause" of either Section 16(b) or Section 924(c)(3)(B). Thus, there is no indication that Movant is entitled to relief under <u>Dimaya</u>. To the extent Movant is again attempting to argue that the logic of the Supreme Court's decision

---

[4] The issue as to whether the "residual clause" in Section 924(c)(3)(B) is void for vagueness is currently pending before the United States Supreme Court in <i>United States v. Davis</i>, No. 18-431, 2019 WL 98544 (Jan. 4, 2019). The Fourth Circuit, therefore, has stayed the mandate in <i>Simms</i> pending the United States Supreme Court's decision in <i>Davis</i>.

in <u>Johnson</u> should be extended to career offenders sentenced under the "residual clause" of the United States Sentencing Guidelines, this issue has already been thoroughly addressed and denied in Movant's previous Section 2255 action.[5] Based upon the foregoing, the undersigned declines to recommend that Movant's successive Section 2255 Motion relying upon <u>Dimaya</u> be construed and transferred to the Fourth Circuit as a request for authorization to file a successive Section 2255 Motion.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and Supplement (Document Nos. 511 and 512), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties

---

[5] In *Beckles v. United States*, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017), the Supreme Court held that the United States Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment in light of *Johnson*. The Supreme Court specifically determined that the "residual clause" of Section 4B1.2(a) was not unconstitutionally vague because that "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences." *Id.* The Supreme Court explained that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range," and thus are not subject to a vagueness challenge. *Id.*

shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: March 8, 2019.

Omar J. Aboulhosn
United States Magistrate Judge