# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

ELISHA RIGGLEMAN,

        Petitioner,

v.                                    CIVIL ACTION NO. 5:19-cv-00155
                                            (Criminal No. 5:11-cr-00124)

UNITED STATES OF AMERICA,

        Respondent.

### MEMORANDUM OPINION AND ORDER

The Court has reviewed the Petitioner's March 7, 2019 motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Document 511), brought on the grounds, *inter alia*, that subsequent case law establishes that he should not have been sentenced as a career offender.[1]

By *Standing Order* (Document 513) entered on March 7, 2019, this action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On March 8, 2019, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (PF&R) (Document 515) wherein it is recommended that this Court deny the Movant's § 2555 motion. The Movant timely filed *Objections to Finding & Recommendation* (Document 517).

---

[1] The Movant's motion is titled "Motion to Reopen Case Under the Intervening Change in the Law Doctrine rule 60(b)(6) of Civil Procedures." The Magistrate Judge directed that it be construed and docketed as a new Section 2255 motion.

## FACTUAL AND PROCEDURAL BACKGROUND

The Magistrate Judge's PF&R sets forth the factual and procedural background of this case in detail. The Court hereby incorporates those factual findings, but to provide context for the ruling contained herein, provides the following summary.

The Movant, Elisha Riggleman, pled guilty to threatening to kidnap and assault a federal officer in violation of 18 U.S.C. § 115(a)(1)(B) on January 25, 2013. He was sentenced to a 120-month term of incarceration, the top of his Guideline range following application of an enhancement based on his career offender status. He unsuccessfully appealed, then filed a motion pursuant to 28 U.S.C. § 2255 on January 21, 2014. The § 2255 motion was amended multiple times, including to add a claim that he no longer qualified as a career offender because neither his current offense nor his predicate offenses qualified as crimes of violence following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The § 2255 motion was denied on May 1, 2018. On June 7, 2018, the Movant filed a motion for authorization o file a successive motion under § 2255 with the Fourth Circuit Court of Appeals, citing the Supreme Court's decision in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018). The motion was denied. He filed the instant motion requesting to reopen his case on August 13, 2018. The Court construed it as a new § 2255 motion on March 7, 2019.

## STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation

to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R *de novo,* the Court will consider the fact that the Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## DISCUSSION

The Magistrate Judge found the motion to be a successive proceeding under Section 2255 that may not proceed absent authorization from the Fourth Circuit Court of Appeals, which was denied. Even if consideration on the merits were permitted, Judge Aboulhosn found that *Dimaya* is not applicable to the Movant's case and that vagueness challenges to "crime of violence" provisions are not applicable to the career offender provision of the Sentencing Guidelines. Mr. Riggleman argues that his motion should be considered under Rule 60(b)(6), rather than construed as a new motion pursuant to Section 2255. He further contends that his sentence should be reduced because his conduct does not constitute a crime of violence and the First Step Act permits a sentence reduction.

Whether construed as a successive § 2255 motion or as a motion to re-open the previous proceeding, the Court finds that Mr. Riggleman is not entitled to relief. He challenges application of the career offender provision of the Sentencing Guidelines based on case law finding similar statutory provisions to be unconstitutionally vague. The United State Supreme Court has held "that the advisory Guidelines are not subject to vagueness challenges under the Due Process

3

Clause." *Beckles v. United States*, 137 S. Ct. 886, 890 (2017). Therefore, a collateral attack challenging application of the career offender guideline enhancement is foreclosed. To the extent Mr. Riggleman argues that the First Step Act provides a legislative avenue for the relief he seeks, the Court has previously denied a motion for a sentence reduction under the First Step Act. *See Order*, Document 521 in 5:11-cr-124. Therefore, the objections must be overruled, and this matter must be dismissed.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Movant's *Objections to Finding & Recommendation* (Document 517) be **OVERRULED**, that the *Proposed Findings and Recommendation* (PF&R) (Document 515) be **ADOPTED**, that the motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Document 511) be **DENIED**, and that this matter be **DISMISSED** from the Court's active docket.

The Court has additionally considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **ORDERS** that a certificate of appealability be **DENIED.**

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Aboulhosn, counsel of record, and any unrepresented party.

ENTER: July 10, 2019

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA